```
                -IN THE UNITED STATES DISTRICT COURT
                  FOR THE SOUTHERN DISTRICT OF OHIO
                           EASTERN DIVISION
```

**RONALD D. LEONARD,** *et al.*,

       **Plaintiffs,**

   v.                                     **Case No. 2:10-CV-347**
                                           **JUDGE MARBLEY**
**ERNIE MOORE,** *et al.*,        **MAGISTRATE JUDGE KING**

       **Defendants.**

_____

**RONALD D. LEONARD,**

       **Plaintiff,**

   v.                                     **Case No. 2:10-CV-951**
                                           **JUDGE MARBLEY**
**ERNIE MOORE,** *et al.*,        **MAGISTRATE JUDGE KING**

       **Defendants.**

<u>**REPORT AND RECOMMENDATION**</u>

These cases[1] are brought pursuant to 42 U.S.C. § 1983. This matter is before the Court for consideration of *Defendants' Motion for Summary Judgment*, Doc. No. 53 filed in 2:10-CV-347, and *Defendants Knab and Mohr's Motion for Summary Judgment*, Doc. No. 60 filed in 2:10-CV-951. For the reasons that follow, it is **RECOMMENDED** that these motions be granted. The Court will address each of these motions in each case separately.

**I.**    *DEFENDANT'S MOTION FOR SUMMARY JUDGMENT*, **DOC. NO. 53, 2:10-CV-347**

---

[1] This Court previously consolidated these actions. *Order and Report and Recommendation*, Doc. No. 9, p. 2.

### A. Background

In Civil Action No. 2:10-CV-347, plaintiff,[2] a state inmate proceeding without the assistance of counsel, complains of "involuntary daily exposure" to asbestos and mold while incarcerated in the Chillicothe Correctional Institution ("CCI") between the period of May 8, 2009 through April 28, 2010.[3] *Declaration of Ronald D. Leonard*, ¶¶ 2-3 ("*Leonard Declaration*"), attached to *Plaintiff's Response to Defendant's [sic] Ernie Moore and Gary Croft's MSJ (Doc #53)*, Doc. No. 57 ("*Plaintiff's Response*");[4] *Complaint*, Doc. No. 1, p. 2.[5] According to plaintiff, asbestos exists throughout CCI's dormitories and black mold grows in CCI's showers. *Leonard Declaration*, ¶ 3. Plaintiff alleges that, in June or July 2009, Ernie Moore, former CCI deputy director and former director of Ohio Department Rehabilitation and Corrections ("ODRC"), toured CCI and took photographs capturing images of asbestos at CCI. *Id.* at ¶¶ 8-9; *Complaint*, ¶ 4. According to plaintiff, Gary Croft, ODRC Chief Inspector, failed "to investigate a substantial risk to the safety and future health of plaintiff[]." *Leonard Declaration*, ¶ 6.

The unverified *Complaint* names Ernie Moore and Gary Croft as

---

[2] On July 8, 2011, the Court dismissed the claims of former plaintiff Cole Worthington for failure to prosecute. *Order*, Doc. No. 40.

[3] Plaintiff is currently incarcerated at the Toledo Correctional Institution. Doc. No. 43.

[4] *Plaintiff's Response* is a document that combines plaintiff's response to the instant motion as well as plaintiff's response to the motion for summary judgment filed in Civil Action 2:10-cv-951. More specifically, pages 1-3 of Doc. No. 57 respond to the motion in the latter case and pages 3-7 comprise the *Leonard Declaration* addressing this action.

[5] The *Complaint* is unverified.

defendants in their individual and official capacities.  *Id*. at 1.  In moving for summary judgment, defendants note that the current ODRC director is Gary Mohr and, in a later filing, refer to defendants as Croft and Mohr.  *Defendants' Motion for Summary Judgment*, Doc. No. 53, pp. 1 n.1, 2 n.2; *Reply in Support of Defendants Croft and Mohr's Motion for Summary Judgment*, Doc. No. 56 ("*Reply*").

Under Rule 25 of the Federal Rules of Civil Procedure, Mr. Mohr, current ODRC director, is substituted as defendant in place of Mr. Moore, former ODRC director, as to the official capacity claims against this defendant.  *See* Fed. R. Civ. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending.  The officer's successor is automatically substituted as a party.").  However, because plaintiff also sued Mr. Moore in his individual capacity, Mr. Moore remains a defendant in this action as to the personal capacity claims asserted against him.  *Id.*; *cf*. *Gulett v. Haines*, 229 F. Supp. 2d 806, 814 (S.D. Ohio 2002) (noting that current sheriff is not automatically substituted for former sheriff with respect to individual capacity claims).

The unverified *Complaint* alleges that defendants' inaction violated plaintiff's rights under the United States Constitution and "constitutes a Deliberate Indifference to Plaintiffs [sic] health and safety[.]" *Complaint*, ¶ 6.  Plaintiff seeks monetary damages, including punitive damages, because the "acts ommissions [sic] and misconduct of Defendants is a direct and proximate result of Plaintiffs [sic] injury now and in the future.  Plaintiffs [sic] also seek relief [] for emotional distrees [sic] from the imminent danger

3

to thier [sic] health and safety[.]"  *Complaint*, p. 2.

    **B.    Standard**

The standard for summary judgment is well established.  This standard is found in Rule 56 of the Federal Rules of Civil Procedure, which provides in pertinent part:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a).  In making this determination, the evidence must be viewed in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144 (1970).  Summary judgment will not lie if the dispute about a material fact is genuine, "that is, if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986).  However, summary judgment is appropriate if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).  The mere existence of a scintilla of evidence in support of the opposing party's position will be insufficient; there must be evidence on which the jury could reasonably find for the opposing party.  *Anderson,* 477 U.S. at 251.

The party moving for summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact.  *Catrett,* 477 U.S. at 323.  Once the moving party has met its initial burden, the burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial."  *Anderson,* 477 U.S.

at 250 (quoting former Fed. R. Civ. P. 56(e)); *Talley v. Bravo Pitino Restaurant, Ltd.,* 61 F.3d 1241, 1245 (6th Cir. 1995)("nonmoving party must present evidence that creates a genuine issue of material fact making it necessary to resolve the difference at trial").  "Once the burden of production has so shifted, the party opposing summary judgment cannot rest on the pleadings or merely reassert the previous allegations.  It is not sufficient to 'simply show that there is some metaphysical doubt as to the material facts.'"  *Glover v. Speedway Super Am. LLC,* 284 F.Supp.2d 858, 862 (S.D. Ohio 2003)(citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986)).  Instead, the non-moving party must support the assertion that a fact is genuinely disputed.  Fed. R. Civ. P. 56(c)(1).

In ruling on a motion for summary judgment "[a] district court is not ... obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *Glover,* 284 F. Supp.2d at 862 (citing *InteRoyal Corp. v. Sponseller,* 889 F.2d 108, 111 (6th Cir. 1989)).  Instead, a "court is entitled to rely, in determining whether a genuine issue of material fact exists on a particular issue, only upon those portions of the verified pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits submitted, specifically called to its attention by the parties."  *Id. See also* Fed. R. Civ. P. 56(c)(3).

    **C.**    **Claims for Monetary Damages Against Defendants in Their Official Capacity**

As noted *supra*, plaintiff has sued defendants Mohr and Croft in their official capacity for monetary damages.  "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."

5

*Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Wolfel v. Morris*, 972 F.2d 712, 718-719 (6th Cir. 1992). The Eleventh Amendment to the United States Constitution bars a suit for money damages against a state agency and state employees named in their official capacity unless the State has waived its immunity or Congress has overridden immunity under § 5 of the Fourteenth Amendment. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65 (1989). The State of Ohio has not waived its immunity to suit in this Court, nor has Congress abrogated the state's immunity. Accordingly, plaintiff's claims under 42 U.S.C. § 1983 for money damages against defendants Mohr and Croft in their official capacities are barred by the Eleventh Amendment. *See*, *e.g.*, *Barker v. Goodrich*, 649 F.3d 428, 433 (6th Cir. 2011) (holding that, to the extent the plaintiff sought monetary damages from state prison employees in their official capacity, Eleventh Amendment immunity operated as a bar).

    D.    **Claims for Monetary Damages Against Defendants in Their Personal Capacity**

Plaintiff alleges that defendants Moore, former CCI deputy director and former ODRC director, and Croft, ODRC Chief Inspector, were deliberately indifferent to plaintiff's health and safety in violation of plaintiff's constitutional rights. *Complaint*, ¶¶ 4, 6.[6] More specifically, plaintiff alleges that defendants were deliberately

---

[6]To the extent that the *Complaint* may be read to assert a claim of emotional distress, *see*, *e.g.*, *Complaint*, p. 2, Ohio Revised Code §§ 9.86 and 2743.02(F) bars this state law claim. *See McCormick v. Miami Univ.*, 693 F.3d 654, 665 (6th Cir. 2012) (finding no claim under Ohio law against state employees in their individual capacities because "Ohio law requires that, as a condition precedent to asserting a cause of action against a state employee in his individual capacity, the Court of Claims must first determine that the employee is not entitled to the immunity provided for in Revised Code section 9.86").

6

indifferent to "inhumane conditions" at CCI arising from the existence of asbestos and black mold in that facility. *Id*. at ¶ 4; *Leonard Declaration*, ¶ 3. He also contends that defendant Moore "approved and knowingly acquiesced in" defendant Croft's misconduct, which was apparently a "failure to investigate substantial risk to the safety and future health" of plaintiff. *Leonard Declaration*, ¶ 6.

"[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). The test for determining deliberate indifference in contravention of the Eighth Amendment based on environmental conditions in a prison contains both an objective component and a subjective component. *Id*. at 35-36. First, in order to satisfy the objective component, an inmate must establish that his medical needs are "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Talal v. White*, 403 F.3d 423, 426 (6th Cir. 2005). In the context of a claim that prison officials failed to protect an inmate from toxic exposure, the inmate must demonstrate "either that [he] suffered an actual serious injury to [his] present health or faced a substantial risk of serious harm to [his] future health from involuntary exposure to [the toxin]." *Scuba v. Wilkinson*, No. 1:06-cv-160, 2009 U.S. Dist. LEXIS 122122, at *19 (S.D. Ohio Aug. 14, 2009) (internal quotation marks omitted). Additionally, "the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate." *Helling*, 509 U.S. at 36.

Second, the subjective component of deliberate indifference requires that an inmate establish that prison authorities acted with

deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834. The prison official can be held liable only if he knows that the inmate faces a substantial risk of serious harm and fails to take reasonable measures to abate the risk. *Id.* at 847. In other words, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. More than a lack of due care on the part of the prison official is required in order to satisfy the subjective component of a deliberate indifference claim. *Id*. at 835. *See also Horn by Parks v. Madison County Fiscal Court,* 22 F.3d 653, 660 (6th Cir. 1994) ("However, the conduct for which liability attaches must be more culpable than mere negligence; it must demonstrate deliberateness tantamount to intent to punish.") (citations omitted).

In this case, plaintiff has not met the objective component of his Eighth Amendment claim. He has not offered any proof, or even alleged, that he suffered an actual serious injury arising from the possible exposure to asbestos and black mold at CCI. Indeed, plaintiff's medical records establish that he has never complained of, or showed symptoms of, illnesses associated with exposure to asbestos or black mold. *Declaration of Health Care Administrator Diann Lento*, ¶¶ 6-9 ("*Lento Declaration*"), attached to *Motion for Summary Judgment*. Similarly, plaintiff has not shown a "substantial risk of serious harm" to his future health resulting from "daily exposure" to asbestos and mold. Although plaintiff avers that asbestos and black mold is present at CCI and that his health and safety face a "substantial risk," *Leonard Declaration*, ¶¶ 3, 6, 9, he has presented no

scientific, statistical or other evidence establishing a substantial risk of serious harm to his future health because of involuntary exposure at CCI. *Scuba*, 2009 U.S. Dist. LEXIS 122122, at *21-22 (citing, *inter alia*, *Helling*, 509 U.S. at 35) (holding that plaintiff inmates could not establish substantial risk of serious harm to future health where inmates presented "no scientific, statistical, or other evidence demonstrating a likelihood of serious harm to their future health from involuntary exposure to asbestos").  The mere showing that asbestos is present is not sufficient to establish an Eighth Amendment violation. *Walters v. Swim*, No. 96-3144, 1996 U.S. App. LEXIS 33106, at *4 (6th Cir. Dec. 13, 1996).  Indeed, "[f]or exposure to airborne asbestos fibers to create a substantial risk of serious harm . . . the intensity and duration of the exposure must be significant." *Pack v. Artuz*, 348 F. Supp. 2d 63, 80 (S.D.N.Y. 2004) (citing *Falise v. American Tobacco Co.*, 94 F. Supp.2d 316, 324 (E.D.N.Y. 2000)). Finally, plaintiff has offered no evidence that the risk of harm from his alleged exposure was so serious that it was "not one that today's society chooses to tolerate." *Helling*, 509 U.S. at 36.  In sum, plaintiff's own perceived risk of speculative harm to his future health resulting from involuntary exposure to asbestos and black mold is insufficient to establish the objective component of his claim.

Having concluded that plaintiff has not established that he suffers from an actual serious injury or faces a "substantial risk of serious harm" to his future health, it follows that he cannot establish the subjective component that defendants Moore and Croft were aware of such an injury or risk and disregarded it. *Cf*. *Farmer*, 511 U.S. at 837 ("[T]he official must both be aware of facts from

which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."); *Jones v. Caruso*, No. 10-1515, 421 Fed. Appx. 550, at *552 (6th Cir. April 28, 2011) (finding no error in grant of summary judgment against an inmate plaintiff on his Eighth Amendment deliberate indifference claim after concluding that the plaintiff did not meet the objective component, *i.e.*, he failed to show that his exposure to environmental tobacco smoke was a serious health threat).  Indeed, plaintiff offers no evidence that either defendant Moore or defendant Croft was even aware of the alleged existence of black mold at CCI.  Similarly, plaintiff has failed to offer facts from which defendants could infer that plaintiff faced a substantial risk of serious harm from black mold or that either defendant drew that inference.

As to his claim based on exposure to asbestos, plaintiff avers that defendant Moore became aware of the existence of asbestos at CCI during a tour of the facility in June or July 2009. *Leonard Declaration*, ¶¶ 8-9.  In addition, plaintiff avers that defendant Moore "approved and knowingly acquiesced in the misconduct of his subordinate" defendant Croft.[7]  *Id*. at ¶ 5.  However, plaintiff offers no evidence that defendant Moore perceived that plaintiff suffered from an actual serious injury or that plaintiff faced a substantial risk of serious harm to his future health.  Taken as a whole, plaintiff has offered no evidence that defendant Moore deliberately exposed plaintiff to asbestos in violation of his constitutional rights.

---

[7] Defendant Croft's alleged misconduct is discussed *infra*.

As to defendant Croft, plaintiff avers that he filed an informal complaint related to defendant Croft's "failure to investigate a substantial risk to the safety and future health of" plaintiff, *Leonard Declaration*, ¶ 6, and a grievance against defendant Croft for "improperly investigating the informal complaint[,]" *id*. at ¶ 4.[8] However, these statements are insufficient to establish that defendant Croft was aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and that defendant Croft actually drew that inference. Moreover, to the extent that plaintiff attempts to posit liability on defendant Croft for alleged deficiencies in the grievance process, it is well established that there is "no inherent constitutional right to an effective prison grievance procedure." *Overholt v. Unibase Data Entry, Inc.*, No. 98-3302, 2000 U.S. App. LEXIS 14087, at *9-10 (6th Cir. June 14, 2000). *See also Lee v. Mich. Parole Bd.*, No. 03-1775, 104 Fed. Appx. 490, at *493 (6th Cir. June 23, 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance.") (citing *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)).

In short, plaintiff's claims under 42 U.S.C. § 1983 for money damages against defendants Moore and Croft in their personal

---

[8] In so averring, plaintiff disputes the characterization of his complaint and/or grievance contained in the decisions of defendant Croft, Chief Inspector. *See Leonard Declaration*, ¶¶ 4-7; *Exhibits C* and *D* attached to the *Motion for Summary Judgment*. For purposes of this motion only, the Court will accept plaintiff's recitation of this complaint and/or grievance.

capacities must fail.[9]

## II. *DEFENDANTS KNAB AND MOHR'S MOTION FOR SUMMARY JUDGMENT*, DOC. NO. 60, 2:10-CV-951

### A. Background

In Civil Action 2:10-CV-951, on April 28, 2010, the United States Department of Homeland Security contacted CCI about a package and letter from a CCI inmate that were sent to the Inspector General's Office in Washington, D.C. *Conduct Report*, attached as *Exhibit C* to *Defendant Knab and Mohr's Motion for Summary Judgment*, Doc. No. 60 ("*Motion for Summary Judgment*"). The package contained a white substance in a clear medical bag that the letter's author represented was asbestos taken from the D-1 dormitory at CCI. *Id*. Although the letter reflected a false inmate name and number, officials at CCI conducted an investigation, concluded that plaintiff had sent the package, and charged plaintiff with violation of prison rules. *Id*.

On May 18, 2010, the CCI Rules Infraction Board ("RIB"), after comparing plaintiff's handwriting with the handwriting on the letter described above, found plaintiff guilty of violating Rules 54 and 55 of the Inmate Rules of Conduct.[10] *Declaration of Meredith Rinna*, ¶ 4, attached as *Exhibit A* to the *Motion for Summary Judgment* ("*Rinna*

---

[9]Because the Court concludes that plaintiff's constitutional claims cannot survive the *Motion for Summary Judgment*, the Court need not, and does not, consider defendants' alternative arguments based on an alleged failure to demonstrate a physical injury, an alleged failure to exhaust administrative remedies and the defense of qualified immunity.

[10]Rule 54 prohibits "[u]nauthorized use of telephone or violation of mail and visiting rules[.]" O.A.C. § 5120-9-06(C)(54). Rule 55 prohibits "[u]se of telephone or mail to threaten, harass, intimidate, or annoy another[.]" *Id*. at (C)(55).

12

*Declaration*").[11]  On May 24, 2010, following a hearing, plaintiff was placed in Local Control Segregation ("segregation").  *Id*. at ¶ 5; *Exhibits D* and *E*, attached to *Motion for Summary Judgment*.

On October 21, 2010, plaintiff filed this action, naming defendants Ernie Moore, former ODRC director, and Robin Knab, CCI Warden, in their personal and official capacities.  *Complaint*, Doc. No. 1, pp. 1, 5.  Plaintiff alleges that defendants Moore and Knab retaliated against him for his pursuit of his claims regarding exposure to mold and asbestos in Civil Action 2:10-cv-10-347.  *Id*. at 5-6.  In particular, plaintiff alleges that he was placed in solitary confinement in April 2010 and denied access to the courts in violation of his rights under the First Amendment to the United States Constitution.  *Id*.  In addition, construing the *Complaint* liberally, *see*, *e.g.*, *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)), plaintiff apparently alleges that defendants created and/or were part of a conspiracy pursuant to 42 U.S.C. § 1985(3).  *Id*. at 5-6.  Although the *Complaint* is not entirely clear in this regard, it appears that plaintiff also asserts a claim for "emotional or mental distress." *Id*. at 6.  Plaintiff seeks monetary damages and "any other relief that this Court would deem just and proper, that he may be entitled to as a result of the Defendants [sic] actions in violation of the 1st Amendment to the United States Constitution."  *Id*. at 7.

Defendants have moved for summary judgment on plaintiff's claims

---

[11]The *Rinna Declaration* refers to several documents, which are purportedly attached thereto, but which defense counsel inexplicably failed to attach.  *See*, *e.g.*, *id*. at ¶¶ 4-9.

13

in this case. In response to the *Motion for Summary Judgment*, plaintiff has filed *Plaintiff's Response to Defendant's [sic] Gary Mohr Director ODRC Case No. 2:10-cv-951 & Warden Knab (MSJ Doc 60)*, Doc. No. 64 ("*Plaintiff's Response*").[12] With the filing of the *Reply in Support of Defendants Knab and Mohr's Motion for Summary Judgment*, Doc. No. 65 ("*Reply*"), this matter is ripe for resolution.

> **B. Claims for Monetary Damages Against Defendants in Their Official Capacity**

As noted *supra*, Gary Mohr, current ODRC director, is substituted as defendant in place of defendant Moore, former ODRC director, as to the official capacity claims against this defendant. *See* Fed. R. Civ. P. 25(d). However, as discussed in more detail above, plaintiff's claims under 42 U.S.C. § 1983 for money damages against defendants Mohr and Knab in their official capacities are barred by the Eleventh Amendment. *See*, *e.g.*, *Barker v. Goodrich*, 649 F.3d 428, 433 (6th Cir. 2011).

> **C. Claims for Monetary Damages Against Defendants in Their Personal Capacity**[13]

> **1. Retaliation**

In moving for summary judgment, defendants raise a number of arguments, including that plaintiff has failed to exhaust his administrative remedies. *Motion for Summary Judgment*, pp. 6-8. Plaintiff does not respond to this argument. *Plaintiff's Response*,

---

[12] As noted *supra*, *Plaintiff's Response* also contains a declaration addressing the motion for summary judgment filed in Civil Action 2:10-cv-347.

[13] Although Gary Mohr takes the place of defendant Moore as to the official capacity claims against this defendant, plaintiff's claims against defendant Moore in his personal capacity remain. Fed. R. Civ. P. 25(d). *Cf. Gulett v. Haines*, 229 F. Supp. 2d 806, 814 (S.D. Ohio 2002).

pp. 1-3.[14]

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"), requires that a prisoner filing a § 1983 claim first exhaust available administrative remedies. *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). The PLRA provides, in pertinent part:

> No action shall be brought with respect to prison conditions under [section 1983 of this title], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

In order to satisfy the exhaustion requirement, an inmate plaintiff must "complete the administrative review process in accordance with the applicable procedural rules . . . as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). "[F]ailure to exhaust is an affirmative defense under the PLRA, and [] inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007). Exhaustion is not a jurisdictional predicate but the requirement is nevertheless mandatory, *Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999), even if proceeding through the administrative procedure would appear to the inmate to be "futile." *Hartsfield v. Vidor*, 199 F.3d 305, 308-10 (6th Cir. 1999). The United States Court of Appeals for the Sixth Circuit has noted that failure to exhaust "is an affirmative defense on which the defendant bears the burden of

---

[14]Instead, plaintiff argues at length that defendant Moore is not entitled to summary judgment because he did not file a motion. *Id.* This argument is addressed *infra*.

proof." *Vandiver v. Corr. Med. Servs.*, 326 Fed. Appx. 885, at *888 (6th Cir. May 1, 2009) (citing *Jones*, 549 U.S. 199, 127 S. Ct. at 922-23).

Ohio employs a three-step grievance procedure for inmate claims. Ohio Admin. Code § 5120-9-31.  First, an inmate must file an informal complaint.  Ohio Admin. Code § 5120-9-31(K)(1).  If that complaint does not result in a decision satisfactory to the inmate, the inmate can appeal the decision to the Inspector of Institutional Services. Ohio Admin. Code § 5120-9-31(K)(2).  If that appeal is found to be without merit, the inmate can then appeal the decision to the Chief Inspector. Ohio Admin. Code § 5120-9-31(K)(3).

In support of their position that plaintiff did not exhaust his administrative remedies as to his retaliation claim, defendants offer the affidavit of Suzanne Evans, a Correctional Grievance Officer for ODRC's Chief Inspector's Office.  *Affidavit of Suzanne Evans*, ¶ 2, which is attached as *Exhibit F* to the *Motion for Summary Judgment* ("*Evans Affidavit*").  As part of her job duties, Officer Evans handles appeals from inmates and direct grievances to the Office of the ODRC Chief Inspector.  *Id*.  According to Officer Evans, all inmates in ODRC custody are given written and verbal instructions on how to use the inmate grievance procedure, including directions for appeals to the Chief Inspector and direct grievances filed with that office.  *Id*. at ¶ 7.  Officer Evans avers that plaintiff "has not presented any grievances or appeals to the Office of the Chief Inspector alleging that Ernie Moore and/or Warden Knab retaliated against him via his placement in segregation in April 2010."  *Id*. at ¶ 8.  Similarly, plaintiff "has not presented any grievances or appeals to this office

16

since 2009 alleging that Ernie Moore and/or Warden Knab denied him access to the courts." *Id*.

Having submitted no evidence to rebut the *Evans Declaration*, this Court concludes that plaintiff has failed to exhaust his administrative remedies as to his retaliation claim. That being the case, plaintiff's retaliation claim cannot proceed.

### 2. Conspiracy

Plaintiff alleges that, "in contravention to 42 U.S.C. . . . Sec 1985(3)[,]" "a conspiracy was created" on April 28, 2010, which resulted in plaintiff's "unlawful[]" placement in solitary confinement and "deprived [him] of his civil rights." *Complaint*, p. 5. In order to prevail on a claim for civil conspiracy under Section 1985(3), plaintiff must establish the following elements:

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges or immunities of the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

*Center for Bio-Ethical Reform, Inc. v. City of Springboro*, 477 F.3d 807, 832 (6th Cir. 2007) (quoting *Vakilian v. Shaw*, 335 F.3d 509, 518 (6th Cir. 2003)). Accordingly, it is well-established that such a conspiracy exists "only where the discrimination was based on race or membership in another class comprising 'discrete and insular minorities that receive special protection under the Equal Protection Clause because of inherent personal characteristics.'" *Royal Oak Entm't, LLC v. City of Royal Oak*, No. 05-1637, 205 Fed. Appx. 389, at *399 (6th Cir. Nov. 9, 2006) (quoting *Volunteer Med. Clinic, Inc. v. Operation Rescue*, 948 F.2d 218, 224 (6th Cir. 1991)). Finally, a

plaintiff must plead a Section 1985(3) conspiracy claim "'with some degree of specificity and . . . vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim.'" *Center for Bio-Ethical Reform, Inc.*, 477 F.3d at 832 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)). *See also Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008) ("[P]leading requirements governing civil conspiracies are relatively strict.").

With this standard in mind, the Court concludes that plaintiff's civil conspiracy claim must fail. First, his vague allegations are completely devoid of any specificity. *Id.*; *Complaint*, pp. 5-6. Second, plaintiff has failed to establish his membership in a protected class, *i.e.*, he has not shown that defendants discriminated against him based on his race or because he was part of another class specially protected under the Equal Protection Clause. In this regard, prisoners are not a suspect class for equal protection purposes. *Fox v. Smith*, No. 08-1165, 2008 U.S. App. LEXIS 27864, at *8 (6th Cir. Sept. 19, 2008) (citing *Hadix v. Johnson*, 230 F.3d 840, 843 (6th Cir. 2000)). For these reasons, defendants are entitled to summary judgment on this claim.

### 3. Emotional distress

To the extent that the *Complaint* may be construed to assert a claim of mental or emotional distress, *see*, *e.g.*, *id.* at 6, Ohio Revised Code §§ 9.86 and 2743.02(F) bars this state law claim. *See McCormick v. Miami Univ.*, 693 F.3d 654, 665 (6th Cir. 2012) (finding no claim under Ohio law against state employees in their individual capacities because "Ohio law requires that, as a condition precedent to asserting a cause of action against a state employee in his

18

individual capacity, the Court of Claims must first determine that the employee is not entitled to the immunity provided for in Revised Code section 9.86").

In sum, plaintiff's claims under 42 U.S.C. § 1983 for money damages against defendants Moore and Knab in their personal capacities must fail.[15]  In reaching this conclusion, the Court is mindful that plaintiff takes the position that defendant Moore is not entitled to summary judgment because no motion was filed on his behalf.  *See Plaintiff's Response*, pp. 1, 3.  However, "district courts are widely acknowledged to possess the power to enter summary judgments *sua sponte*, so long as the losing party was on notice that []he had to come forward with all of h[is] evidence."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986).  *See also Employers Ins. of Wausau v. Petroleum Specialties, Inc.*, 69 F.3d 98, 104-05 (6th Cir. 1995).  Because plaintiff will have the opportunity to object to this *Report and Recommendation*, *see infra*, this recommendation therefore serves as plaintiff's notice that he must come forward with all of his evidence, if any, as to his personal capacity claims against defendant Moore.

**WHEREUPON**, it is **RECOMMENDED** that *Defendants' Motion for Summary Judgment*, Doc. No. 53 filed in 2:10-CV-347, be **GRANTED**.[16]  It is also **RECOMMENDED** that *Defendants Knab and Mohr's Motion for Summary*

---

[15] Because the Court concludes that plaintiff's constitutional claims cannot survive the *Motion for Summary Judgment*, the Court need not, and does not, consider defendants' alternative arguments based on an alleged failure to demonstrate a physical injury, *res judicata* and the defense of qualified immunity.

[16] In other words, the Court recommends that all claims against defendants Mohr, Croft and Moore in 2:10-cv-347 be dismissed.

*Judgment*, Doc. No. 60 filed in 2:10-CV-951, be **GRANTED**.[17]

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Plaintiff is **ADVISED** that, to the extent that he objects to this recommendation, in particular as to the personal capacity claims against defendant Moore, he must come forward with evidence in support of his claims against defendant Moore sufficient to overcome the arguments made in support of summary judgment.


November 16, 2012                        *s/Norah McCann King*
                                         Norah M<sup>c</sup>Cann King
                                    United States Magistrate Judge

---

[17] This Court therefore recommends that all claims against defendants Mohr, Knab and Moore in 2:10-cv-951 be dismissed.